738 P.2d 785

STATE of Arizona, ex rel. Robert K. CORBIN, in his official capacity as Attorney General; the State of Arizona, and Arizona Department of Health Services, an agency of the State of Arizona, Petitioners,

v.

SUPERIOR COURT of the State of Arizona, in and for the County of Maricopa, Honorable John R. Sticht, a judge thereof, Respondent Judge,

McDONNELL DOUGLAS CORPORATION, a Maryland corporation; McAuto Systems Group, Inc., a Delaware corporation; Safeco Insurance Company of America, a Washington corporation, Real Parties in Interest.

No. 1 CA-SA 136.

Court of Appeals of Arizona,
Division 1, Department C.

April 28, 1987.

Review Denied June 30, 1987.

Robert K. Corbin, The Atty. Gen. by Steven J. Twist, Kathy W. Cook, Chip Wagoner, Judith E. Abramsohn, Matthew F. Shumway, G. Robert Blakey, of counsel, Phoenix, for State of Arizona.

Brown & Bain, P.A. by Paul F. Eckstein, Michael J. Malley, Joseph E. Mais, C. Timothy Delaney, Phoenix, for real parties in interest.

DECISION BY THE COURT:

On April 1, 1987, we entered our order denying special action jurisdiction in this matter with the proviso that a decision would follow. This is that decision.

We are of the opinion that it would be helpful to the parties and to the Bar, generally, if we clarified the requirements concerning the format, length and size limitations of petitions, responses and supporting memoranda filed in special actions. This need for clarification was evidenced by the State's petition and supporting memorandum documents filed in this matter. The issue raised by the State was basically a simple one: whether the trial judge abused his discretion in not permitting the State to file a third amended counterclaim. The papers filed by the State included a 16-page petition, a 65-page memorandum of points and authorities, a 25-page reply, and appendices which were 6½ inches high, containing several thousand pages, weighing 15 pounds 9 ounces. In their response, the respondents argued that one reason we should deny relief was the State's failure to comply with Rules 13 and 14, Arizona Rules of Civil Appellate Procedure. In re-

sponse to that criticism, the State filed a motion for procedural order arguing that Rules 13 and 14 do not apply to Special Action Rule 4(d), and, if they do apply, they request that we waive compliance. On March 23, 1987, we entered our order denying the State's request for a procedural order and noted that, "Rule 7(f), Arizona Rules of Procedure for Special Actions, does incorporate the restrictions on the length of briefs contained in Rule 14(b), Arizona Rules of Civil Appellate Procedure." However, we accepted the petition and memorandum as filed.

Arizona Rules of Procedure for Special Actions, Rule 7(f) reads:

> To the extent they are not inconsistent with these rules, the Arizona Rules of Civil Appellate Procedure *shall* apply to special actions.

(Emphasis added.)

Rule 13(a), Arizona Rules of Civil Appellate Procedure, requires the brief to be "concisely and clearly set forth" under appropriate headings and in the order described, while Rule 14(b) sets the requirements and limitations for the form, size and length of briefs to be filed in our appellate courts. Rule 14(b) reads as follows:

> 14(b) Length of Briefs. Except by permission of the court, the appellant's brief and the appellee's brief shall not exceed 35 pages if printed or 50 pages if typewritten, exclusive of pages containing the table of contents, the table of cases, statutes and other authorities, and the appendix, if any. Except by permission of the court, a reply brief shall not exceed 15 pages if printed or 25 pages if typewritten.

The intent of the Supreme Court in adopting Special Action Rule 7(f) is clear. It intended to conform the special action procedure as closely as possible to the Civil Appellate Rules where no conflict results or where the Rules are not inconsistent with each other. In our opinion, there is no inconsistency between Special Action Rule 7(f) and Rule 14(b) of the Arizona Rules of Civil Appellate Procedure Rules. Therefore, Rule 14(b) should be read into the Special Action "Pleading" Rule 4(d). It is our further opinion that a special action petition and supporting memorandum must not, altogether, exceed the page limitations of Rule 14(b), Civil Appellate Rules. This rule also applies to the response, the reply, and supporting memoranda. They are also governed by Rule 14(b). Rule 13(a), while not mandatorily applicable, provides a format which generally would be helpful if used in organizing and presenting the request for a special action relief in an appellate court.

Ideally, Special Action Rule 4(d) should be amended by the Supreme Court to limit the length of special action pleadings to no more than one-half of the length of civil appellate briefs because the relief requested by special action is of an extraordinary but very limited nature. Rule 3, Arizona Rules of Procedure for Special Actions. Until it is amended, however, this opinion should suffice.

As stated in our April 1, 1987 order, special action jurisdiction is denied.

ROBERT J. CORCORAN
Presiding Judge

WILLIAM E. EUBANK
Acting Presiding Judge

DONALD F. FROEB
Chief Judge, Division One